UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK MEDEARIS,<br><br>Defendant. | 3:20-CR-30077-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant Patrick Medearis seeks compassionate release based on his father's deteriorating health, which he argues constitutes an extraordinary and compelling reason to reduce his sentence. Doc. 133. For the reasons explained, this Court denies the motion.

I.      **Facts and Procedural Background**

On April 21, 2020, the Rosebud Sioux Tribe Law Enforcement Services (RSTLES) received a report from Kara Ford that Medearis was chasing Ford in a vehicle and that he shot at her with a firearm. Doc. 112 at 3. Ford was with India Ford and her three-year-old daughter during the alleged incident. At trial, RSTLES officers testified that when law enforcement arrived at Medearis's father's home to speak to Medearis about the incident, Medearis fled, and a chase ensued. Id. at 4. Medearis initially fled on a four-wheeler and drove into a pasture before circling back to his father's home. Id. Medearis then fled in a silver Pontiac Grand Prix. Medearis drove around the residence, at times driving toward individual officers. Id. The chase ultimately came to an end after Medearis drove through a fence and into a ditch. Id. Medearis exited the vehicle

1

and was placed in handcuffs. Law enforcement conducted a search of the Grand Prix and discovered five syringes, two glass pipes, ammunition, a .22-caliber rifle, a 12-guage shotgun, a knife, and two bottles of alcohol. Id. The syringes and pipe tested presumptive positive for methamphetamine. Following the chase, a search warrant was executed on Medearis's father's home. During the search of the home, law enforcement discovered methamphetamine, syringes, drug paraphernalia, ammunition, and a pistol holder in Medearis's Chevrolet Monte Carlo. Id. at 4–5.

On January 20, 2022, Medearis, after a jury trial, was found guilty of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(a)(2), 924(d), and 28 U.S.C. § 2461. Doc. 93. On April 11, 2022, this Court sentenced Medearis to 96 months' imprisonment followed by three years of supervised release. Doc. 117. At the time this Opinion and Order was drafted, Medearis was serving his sentence at McCreary USP. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 31, 2024) He is scheduled to be released on December 8, 2027. Id.

On January 12, 2024, Medearis applied for compassionate release through the Bureau of Prisons (BOP). Doc. 134 at 92. The BOP denied his request on January 31, 2024. Doc. 133-1 at 16. Medearis then filed with this Court a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 133. The Federal Public Defender of North and South Dakota by Standing Order has received appointment for defendants in these cases to represent defendants in such cases, but chose not to supplement the record on Medearis's motion. The United States opposes the motion. Doc. 135.

## II.     Legal Standard

2

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c)(1)(A) provides an exception to this general rule. Section 3582(c)(1)(A), as amended by the First Step Act, allows district courts to hear and decide motions for a reduced sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights to appeal the BOP's failure to file a motion on the prisoner's behalf, or after 30 days have passed from the receipt of such a request by the warden of the prisoner's facility, whichever is earlier. Medearis submitted an administrative request for compassionate release to the warden of his facility on January 12, 2024. Doc. 134 at 92. His request was denied on January 31, 2024. Doc. 133-1 at 16. Thus, Medearis's motion is now ripe for review by this Court.

Under § 3582(c)(1)(A), a district court may grant a prisoner's motion for a reduced sentence after (1) the court finds that extraordinary and compelling reasons exist, (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, here § 1B1.13; and (3) an examination of the § 3553(a) sentencing factors supports a sentence reduction. § 3582(c)(1)(A)(i)–(ii).

**III. Discussion**

**A. Extraordinary and Compelling Reason**

Congress did not define "extraordinary and compelling reasons ." See 28 U.S.C. § 994(t). Instead, Congress charged the Sentencing Commission with issuing general policy statements outlining the "appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c)," including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied." § 994(a)(2)(c), (t). Effective

November 1, 2023, the Sentencing Commission updated the criteria for what constitutes "[e]xtraordinary and compelling reason[s]" to reduce a term of imprisonment. U.S.S.G. § 1B1.13(b). As amended, "extraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6) unusually long sentences. A "district court has broad discretion in determining whether proffered circumstances warrant" compassionate release under the First Step Act. United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020). In his motion, Medearis raises family circumstances, specifically the incapacitation of his father, as an extraordinary and compelling reason warranting release. Doc. 133.

Section 1B1.13(b)(3) enumerates the family circumstances that a court may consider in deciding whether to grant compassionate release. Under U.S.S.G. § 1B1.13(b)(3)(C), the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason for compassionate release. To meet the requirements of U.S.S.G. § 1B1.13(b)(3)(C), the defendant must show that (1) a parent is incapacitated; and (2) the defendant is the only available caregiver.

Medearis provided a limited selection of his father's medical records from March of 2024. These limited records indicate that Medearis's father is 75 years old and suffers from an extensive list of medical conditions including pulmonary embolism, hemoptysis, pneumonia, unruptured cerebral aneurysm, atrial fibrillation, acute respiratory failure, hypertension, chronic obstructive pulmonary disease, hypothyroidism, insomnia, GERD, shortness of breath, major depressive disorder, heart failure, and dermatitis. Doc. 133-1 at 21. Further, the records state that Medearis's

father is in need of assistance with personal care. Id. To treat his various conditions, Medearis's father is prescribed at least nine different medications and sees a physical therapist. Id. at 18-19. Given the extensive list of medical conditions that includes some serious and progressive diagnoses and the notation that Medearis's father requires assistance with personal care, Medearis has satisfied the first requirement by showing that his father is incapacitated.

Despite his father's incapacitation, Medearis falls short of meeting the second requirement. The language of § 1B1.13(b)(3)(C) is clear: the defendant must be the *only* available caregiver. "Section 1B1.13(b)(3)(C) does not provide a potential basis for relief premised on preference—it does so based on necessity." United States v. Taylor, No. 06-00699-3, 2024 WL 3594315, at *6 (D. N.J. July 31, 2024). The availability of any other potential caregiver is enough to preclude compassionate release for extraordinary and compelling reasons under § 1B1.13(b)(3)(C). See Delavan v. United States, No. 4:18-cr-023, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (denying compassionate release where inmate's mother with macular degeneration had another son living in a different state); United States v. Taveras, No. 4:19-cr-40049, 2024 WL 1606013, at *4 (D. Mass. April 12, 2024) (finding defendant was not the only caretaker for his mother because his mother's neighbors helped when needed).

Although Medearis's father has expressed a preference for Medearis to serve as his caretaker, Doc. 133-1 at 8, he is not the only person available. In his letter of support, Medearis's father indicated that he has two other children, Raydean Cox and Kim Cox. Id. Although the two daughters allegedly live far from their father, inconvenience does not render Medearis as the only available caregiver. See Delavan, 2024 WL 2958956, at *4. Accordingly, Medearis has failed to show he is the only available caretaker for his father, and thus, has not shown there are extraordinary and compelling reasons for compassionate release.

### B. Section 3553(a) Sentencing Factors

Although a court need not consider the § 3553(a) factors when there are no extraordinary or compelling reasons to reduce a sentence, United States v. Brown, No. 4:18-CR-40138-LLP, 2023 U.S. Dist. Lexis 83723, *12 (D.S.D. May 9, 2023), a review of the § 3553(a) factors weighs against granting compassionate release to Medearis. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011).

The nature and circumstances of the offense weigh against granting Medearis compassionate release. Medearis led law enforcement on a dangerous pursuit and risked individual officers' lives by driving at them. The chase was in response to law enforcement seeking to speak with Medearis about an alleged incident where Medearis chased a woman in a vehicle and fired a gun at her. Law enforcement then discovered multiple guns and drugs in Medearis's vehicle. Law enforcement also discovered more drugs and ammunition in Medearis's father's home. This is the same home to which Medearis now wishes to be released.

Medearis's personal history and characteristics also weigh against granting compassionate release. Medearis was raised by both of his parents and reported having an "all right" childhood. Doc. 112 at 14. Medearis's mother suffered from diabetes and kidney failure, and Medearis dropped out of high school in the ninth grade to care for her. Id. His mother ultimately died in 2000 from a heart attack when Medearis was sixteen. Id. His mother's death was difficult for Medearis and he turned to drugs and alcohol as a coping mechanism. Id. Medearis married India Ford in 2018, and Ford was the victim in Medearis's simple assault conviction. Id. at 15. Medearis has four children and one stepson, but it does not appear Medearis is very involved in the children's lives. Id. Medearis has struggled with substance use, and his drug of choice is methamphetamine. Id. at 17. Between the age of 17 and 20, Medearis reported using methamphetamine once every other month, and then began using daily until an arrest in 2006. Id. Medearis relapsed in 2015. Id. He has some work history, most recently in January 2020 for Lucas Brave Towing in Mission, South Dakota. Id. at 18.

Medearis has a lengthy and serious criminal history with prior convictions for assaulting, opposing, resisting, and impeding a federal officer, simple assault, child abuse and neglect, and conspiracy to distribute and possess with intent to distribute a controlled substance. Doc. 112. Medearis was convicted of assaulting, opposing, resisting, and impeding a federal officer after Medearis pulled a knife out on a RSTLES officer. Id. at 10. Medearis was convicted for simple assault after a physical altercation with India Ford, his girlfriend at the time. During the altercation, Medearis smashed India against the door of a vehicle, then as India tried to exit the vehicle, Medearis ripped Ford's shirt and bra off. Id. RSTLES officers who responded to the incident observed red marks on Ford's neck and scrapes on her right shoulder. Id. This Court must also consider the need for the sentence to reflect punishment, deterrence, and protection of the public

from further crimes of the defendant. Given Medearis's history of violence, he poses some danger to the community.

A sentencing judge must also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment. § 3553(a)(2)(A)–(C). Considering these factors, this Court believes that its original sentence remains appropriate. After thoroughly reviewing the record of this case in light of the remaining § 3553(a) factors, including the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide educational, vocational, or correctional treatment in the most effective manner, this Court concludes that these factors are not served by a reduced sentence. Therefore, it is

ORDERED that Medearis's motion for compassionate release, Doc. 133, is denied.

DATED this 31st day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE